Argued and submitted May 13, 1998, affirmed in part, reversed in part and remanded for reconsideration March 24, 1999

In the Matter of the Compensation of
Consuelo Trujillo, Claimant.

Consuelo TRUJILLO,
*Petitioner,*

*v.*

PACIFIC SAFETY SUPPLY
and SAIF Corporation,
*Respondents.*

(WCB 96-10056; CA A99410)

978 P2d 1037

Max Rae argued the cause and filed the brief for petitioner.

David Runner argued the cause and filed the brief for respondents.

Before Landau, Presiding Judge, and Deits, Chief Judge, and Wollheim, Judges.

WOLLHEIM, J.

## WOLLHEIM, J.

■ Claimant seeks review of an order of the Workers' Compensation Board that awarded him 21 percent unscheduled permanent disability. Claimant makes two assignments of error. First, he argues that the procedure set forth in ORS 656.283(7) violates his right to due process under the Fourteen Amendment to the United States Constitution by not allowing him to testify at the hearing. This argument was addressed and rejected in *Koskela v. Willamette Industries*, 159 Or App 229, 978 P2d 1018 (1999). Second, he argues that the Board's findings regarding his base functional capacity are not consistent. We affirm on the first assignment of error, and reverse and remand on the second.

Claimant injured his neck, shoulders and chest pulling a piece of plywood. Claimant's physician diagnosed cervical, thoracic, right scapula and right trapezius strains. After claimant became medically stationary, SAIF issued a notice of closure, awarding claimant 16 percent unscheduled disability. The worksheet attached to the notice indicated that claimant's base functional capacity (BFC) was light and that his residual functional capacity (RFC) was also light.[1] Claimant requested reconsideration and the reconsideration order affirmed the closure order.

■ The Board made inconsistent statements regarding claimant's BFC. The Board stated that claimant's BFC was both medium and light.[2] Both statements cannot be correct. SAIF concedes error but argues that the error is harmless. We do not agree. If claimant's BFC is medium, he would be entitled to additional permanent disability. If claimant's BFC

---

[1] OAR 436-035-0310(3)(a) defines BFC as "an individual's demonstrated physical capacity before the injury or disease." OAR 436-035-0310(3)(b) defines RFC as "an individual's remaining ability to perform work-related activities despite medically determinable impairment resulting from the accepted compensable condition."

[2] OAR 436-035-0310(3)(h) provides that medium level work "means the worker can occasionally lift 50 pounds and can lift or carry objects weighing up to 25 pounds frequently." OAR 436-035-0310(3)(f) provides that light level work "means the worker has the ability to occasionally lift 20 pounds and can frequently lift or carry objects weighing up to 10 pounds."

is light, claimant would not be entitled to additional permanent disability. Accordingly, remand to the Board is necessary to determine claimant's correct BFC.

Affirmed in part, reversed in part and remanded for reconsideration.